# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ELIZABETH SPIVEY-JOHNSON,
formerly known as
ELIZABETH PENDERGAST,

          Plaintiff,

    v.                               Case No. 05-C-0086

UTILIQUEST, and
VICKI ORGAS,

          Defendants.

## DECISION AND ORDER

        The plaintiff  Elizabeth Spivey-Johnson ("Spivey-Johnson"), formerly known as Elizabeth Pendergast, filed a fourth amended request for leave to proceed *in forma pauperis* and an amended request for appointment of counsel.  The Court is obliged to give Spivey-Johnson's *pro se* allegations, however unartfully pleaded, a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

        Spivey-Johnson seeks leave to proceed on her action against defendants UtiliQuest ("UtiliQuest"), a company located in Atlanta, Georgia, which is engaged in underground damage prevention services, and Vicki Orgas ("Orgas"), a UtiliQuest

employee. Spivey-Johnson states that Orgas willingly assisted WE Energies[1] in sending her to false highline locations. Spivey-Johnson states that she was given three false "highline tickets."[2]

Attachments to the complaint provide supplemental information about these tickets and indicate issuance dates of January 27,[3] March 1, and March 2, 2004. In a "relief amendment" filed on August 9, 2005, Spivey-Johnson asks for an award of one million dollars from each defendant.[4]

In considering Spivey-Johnson's request to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be

---

[1] Spivey-Johnson's submissions indicate she was employed by WE Energies. *See* Mot. to Include the Attached Docs. filed July 20, 2005, Ex. C (Wisconsin Energy Corp. Employee Ret. Sav. Plan Aff. and Hardship Withdrawal Application.)

[2] In a February 7, 2005, filing, Spivey-Johnson states that a highline ticket is a work order given when an area is to be inspected because of construction near WE Energies's high pressure gas lines. She states that the highline ticket provides: (1) the name of the contractor doing the digging; (2) the location of the site; (3) the contact person; (4) the measurements of the gas lines marked by the locating company; (5) the issuance date; (6) construction start date; and (7) the name of company or customer requesting service.

[3] Page nine of the Court's February 3, 2005, decision and order, erroneously provides a January **1**, 2004, date for the first false highline ticket.

[4] The Court does not consider Spivey-Johnson's "relief amendment," as amending her complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff "may amend [her] pleading once as a matter of course at any time before a responsive pleading is served." *See Duda v. Bd. of Ed. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). An amended complaint supersedes the prior complaint. *Id.* In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (citations omitted).

2

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

After having twice concluded that Spivey-Johnson had not demonstrated an inability to pay the $150.00 filing fee for her actions,[5] the Court revisited the question and concluded that, based on changed circumstances, Spivey-Johnson had shown that she was unable to afford the cost of filing her action. *See Spivey-Johnson v. WE Energies*, Case No. 05-C-51, Court's Decision and Order 4 (E.D. Wis. July 17, 2005). The Court relies upon those changed circumstances and concludes, that for the purposes of paying the filing fee, Spivey-Johnson is indigent – though, as the Court previously explained more fully, it is a close call. *See id.*

Thus, the Court proceeds to the second step of the *in forma pauperis* analysis and asks whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). "District courts must construe *pro se* pleadings liberally, . . . The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

---

[5]The $150.00 filing fee was in effect when Spivey-Johnson filed her initial request for *in forma pauperis* status.

3

However, 28 U.S.C. §1915(e)(2)(B)(ii) "provides that a district court must dismiss the case of a plaintiff proceeding *in forma pauperis* if the action fails to state a claim on which relief may be granted." *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in [her] favor." *Id*. at 612. "All that is required is 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id*. (quoting *Leatherman v. Tarrant County Narc. Intel. & Coord. Unit*, 507 U.S. 163, 168 (1993)). "A complaint should be dismissed for failure to state a claim only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (quoting *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)) (citations and internal quotation marks omitted).

Considering Spivey-Johnson's factual allegations as true and drawing all reasonable inferences in her favor, this Court must now determine whether Spivey-Johnson has stated an arguable claim for relief under federal and/or state law. *See DeWalt*, 224 F.3d at 612. Liberally construed, the facts set forth by Spivey-Johnson allege arguable state law claims for relief based on the torts of fraudulent misrepresentation and tortious interference with contract. Further, 28 U.S.C. § 1332 may afford jurisdiction over this matter since according to the complaint, Spivey-

4

Johnson is a citizen of Wisconsin and the Defendants are citizens of Georgia. Therefore, Spivey-Johnson will be allowed to proceed *in forma pauperis* on her state law claims for fraudulent misrepresentation and tortious interference with contract against Utiliquest and Orgas.

Also before the Court is Spivey-Johnson's amended motion for appointment of counsel. Her submissions indicate that she has made meaningful efforts to obtain counsel to represent her in this action, without success. To date, Spivey-Johnson appears quite capable of representing herself in this particular proceeding. She is able to clearly express herself in writing and, from a procedural standpoint, she has ably maneuvered.

However, based on rather complex circumstances disclosed during the Court's January 25, 2006, telephone scheduling conference in *Spivey-Johnson v. WE Energies*, Case No. 05-C-51 (E.D. Wis.) ("the 05-C-51 action"), relating to Spivey-Johnson's pending bankruptcy action and settlement discussions in the 05-C-51 action, the Court *sua sponte* reconsidered her motion for appointment of counsel in that action. Some of those complex circumstances are relevant to this action and counsel would be very helpful in addressing them. Therefore, Spivey-Johnson's amended motion for appointment of counsel is granted.

5

The Court will attempt to obtain representation for Spivey-Johnson in **all** her actions before this Court. When the Court's efforts are complete, Spivey-Johnson will be notified in a written decision and order of the results.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Spivey-Johnson's second amended request for leave to proceed *in forma pauperis* (Docket No. 11) is **GRANTED** as to arguable state law claims for fraudulent misrepresentation and intentional interference with contract against Utiliquest and Orgas.

The United States Marshal **SHALL** serve a copy of the complaint in the Case No. 05-C-0086, the summons, and this order upon the Defendants pursuant to Federal Rule of Civil Procedure 4;

Spivey-Johnson's amended motion for appointment of counsel (Docket No. 18) is **GRANTED**;

Spivey-Johnson is **NOTIFIED** that she is required to send a copy of every paper or document filed with the Court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Spivey-Johnson should also retain a personal copy of each document. If Spivey-Johnson does not have access to a photocopy machine, Spivey-Johnson may send out identical handwritten or typed copies of any documents.

6

The Court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to the attorney(s) for the defendant(s);

Spivey-Johnson is further **ADVISED** that failure to make a timely submission may result in the dismissal of this action for failure to prosecute; and,

In addition, the parties **MUST** notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 1st day of February, 2006.

**BY THE COURT**


s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**