**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

ELIZABETH SPIVEY-JOHNSON,
formerly known as
ELIZABETH PENDERGAST,

                **Plaintiff,**

    v.                                             Case No. 05-C-0086

UTILIQUEST, and
VICKI ORGAS,

                **Defendants.**

---

## DECISION AND ORDER

---

The plaintiff Elizabeth Spivey-Johnson ("Spivey-Johnson"), formerly known as Elizabeth Pendergast, has five actions pending in this district.[1] Based on rather complex circumstances disclosed during a January 25, 2006, telephone scheduling conference in the 05-C-51 action, relating to Spivey-Johnson's pending bankruptcy action and settlement discussions in the 05-C-51 action, the Court *sua sponte* reconsidered her motion for appointment of counsel in that action.

---

[1] The four other actions are *Spivey-Johnson v. WE Energies*, Case No. 05-C-51 ("the 05-C-51 action"); *Spivey-Johnson v. Paper Allied Industrial Chemical & Energy Workers*, 05-C-70 ("the 05-C-70 action"); *Spivey-Johnson v. Edwards*, 05-C-82 ("the 05-C-82 action"); *Spivey-Johnson v. SM&P*, Case No. 05-C-87 ("the 05-C-87 action").

On February 1, 2006, this Court issued an order in this action granting Spivey-Johnson's amended motion for appointment of counsel. The Court stated that some of the complex circumstances disclosed in the 05-C-51 action were relevant to this action and that counsel would be helpful in addressing them. The Court stated it would attempt to find counsel to represent Spivey-Johnson in all five actions.

Nearly six months have passed since the Court granted Spivey-Johnson's amended motion for appointment of counsel. Generally, litigants do not have a constitutional right to counsel in a civil lawsuit, *Synergy Assoc., Inc. v. Sun Biotech., Inc.*, 350 F.3d 681, 683 (7th Cir. 2003), but the Court may, in its discretion, assign an attorney to someone who cannot afford counsel, 18 U.S.C. § 1915(e)(1). A district court may also decline to appoint counsel when, for example, it has determined that a plaintiff could not state a claim, and the presence of counsel would not have "made a difference in the outcome." *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004).

With respect to Spivey-Johnson's five actions, the Court made concerted and rather exceptional efforts to obtain counsel to represent Spivey-Johnson. The Court contacted a law school and 22 law firms, including a large out-of-state law firm with international offices. The law firms reviewed case file materials. No attorney accepted appointment to the instant action.[2] At this

---

[2] Counsel accepted appointments in the 05-C-51 and 05-C-70 actions. However, upon motion, Spivey-Johnson's attorney in the 05-C-70 action was allowed to withdraw from such representation.

2

juncture, it is no longer reasonable to continue the Court's efforts to obtain representation for Spivey-Johnson.

Despite its decision to attempt to appoint counsel for Spivey-Johnson, the Court noted that Spivey-Johnson appeared quite capable of representing herself in this action. (05-C-86 action, February 1, 2006, Decision and Order at 5.) The Court also observed that Spivey-Johnson is able to clearly express herself in writing and, from a procedural standpoint, she has ably maneuvered. (*Id*.) Currently, there is no indication that the presence of counsel will make a difference in the outcome of these proceedings. *See Id.* Therefore, the Court will vacate its February 1, 2006, order granting Spivey-Johnson's amended motion for appointment of counsel.

Review of the file discloses that defendant Vicki Orgas ("Orgas") has not appeared in this action. There is no indication that she has been served with a copy of the summons and complaint. By letter dated March 8, 2006, defendant Utiliquest ("Utiliquest") indicates that it no longer employs Orgas.

An address is essential if Orgas is to be served. By August 7, 2006, Spivey-Johnson should provide the Court with an address for Orgas. The Court will then direct the Marshal's Service to again attempt service of the summons and complaint and the Court's February 1, 2006, order upon Orgas pursuant to Federal Rule of Civil Procedure 4.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Court's February 1, 2006, order granting Spivey-Johnson's amended motion for appointment of counsel is **VACATED**; and,

Spivey-Johnson **SHALL** provide the Court with an address for Orgas, **by August 7, 2006**.

Dated at Milwaukee, Wisconsin this 19th day of July, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**